# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CLIFFORD OATTS SR., <br><br> Plaintiff, <br><br> v. <br><br> LVNV FUNDING LLC, <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 1:22-cv-01992 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** CLIFFORD OATTS SR. ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, LVNV FUNDING LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under Ind. Code § 24-5-0.5 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resided in the Southern District Of Indiana, Defendant conducts business in the Southern District Of Indiana, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District Of Indiana.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency located at 625 Pilot Road, Suite 2, Las Vegas, Nevada 89119. Defendant regularly collects defaulted debts from consumers located in Indiana.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

8. In or around December 24, 2021, Defendant placed an outgoing call to Plaintiff attempting to collect an alleged debt from Clifford Oatts Jr.

9. Specifically, Defendant told Plaintiff that they have a claim against him and his business.

10. Upon information and belief, Defendant was attempting to collect an alleged debt owed by Plaintiff's adult son Clifford Oatts Jr.

11. During the December 2021 telephone call, Plaintiff informed Defendant that his full name was Clifford Oatts Sr. and informed Defendant it was contacting the incorrect party with means to collect the alleged debt.

12. Unfortunately, Defendant continued attempting to collect the alleged debt from Plaintiff personally despite knowing that it was contacting the incorrect party.

13. Making matters worse, Plaintiff later discovered that a lawsuit was filed by Defendant attempting to collect the alleged debt.

14. Specifically, Defendant's lawsuit named "Clifford L. Oats" as a defendant and provided the address 13981 Barnett Pl Fishers, Indiana 46038 for servicing the summons.

15. Plaintiff resides in the address listed in Defendant's lawsuit. His son resides at a completely separate address.

16. At no point in time has Plaintiff's son resided at the address listed in Defendant's lawsuit.

17. In January 2022, Plaintiff filed a counter lawsuit against Defendant for harassment by attempting to collect a debt not owed.

18. On March 29, 2022, Plaintiff appeared at Marion County Smalls Claims Court to inform the clerk that Defendant wrongfully served him with a lawsuit to collect a debt not owed.

19. On April 25, 2022, the Judge entered an order stating that Plaintiff was not the appropriate party named in this matter and the case was dismissed without prejudice

20. Plaintiff felt extremely worried that there could be negative consequences if he did not pay the debt, even though he knew he did not owe the alleged debt.

21. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences. Plaintiff lost sleep and appetite due to Defendant's unlawful collection attempts.

22. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

**COUNT I – DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

27. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

28. Defendant used the mail to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

29. Defendant violated 15 U.S.C. §§1692d, e, e(2), e(10), f, and f(1) through its unlawful collection practices.

    a.    **Violations of FDCPA § 1692d**

30. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

31. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

32. Defendant violated §§ 1692d and d(5) by placing collection calls to Plaintiff's cellular phone number in an attempt to collect the alleged debt after being notified that Defendant was contacting and attempting to collect the alleged debt from the wrong party.

33. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

34. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant that they were contacting the wrong party with means to collect a debt not owed.

    b.  **Violations of FDCPA §1692e**

35. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of an alleged debt. The alleged debt was not owed at the time Defendant demanded payment from Plaintiff as the alleged debt is not owed by Plaintiff.

36. Defendant acted wrongfully when it filed a lawsuit against Plaintiff knowing it was attempting to collect the alleged debt from the wrong individual.

37. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Defendant attempted to collect the alleged debt from Plaintiff despite Plaintiff not being the individual responsible for the alleged debt. After Plaintiff informed Defendant that he was they wrong party, Defendant knew Plaintiff did not have any legal obligation to pay the alleged debt. Despite having actual knowledge of error, Defendant proceeded with legal action against Plaintiff to attempt to dragoon Plaintiff into paying a debt that was not owed.

38. Defendant violated §§1692e(5) and e(10) by engaging in deceptive practices when it took legal action against Plaintiff in an attempt to collect a debt not legally owed. In order to

secure payments of the alleged debt, Defendant willingly ignored the fact that Plaintiff was the incorrect party to whom the alleged debt owed, so Defendant could collect on funds not owed.

39. As pled above, Plaintiff did not owe the alleged debt. Defendant knew or should have known that repercussions for collection on a debt not owed.

### c.   Violation of FDCPA §1692f

40. Defendant violated §1692f when it used unfair and unconscionable means to collect the alleged debt. The alleged debt was not owed by Plaintiff at the time Defendant demanded payment, but Defendant bombarded Plaintiff with collection efforts anyway in hopes that Plaintiff would make a payment.

41. Defendant violated §1692f(1) by attempting to collect the alleged debt from Plaintiff when he did not owe the alleged debt. By operation of law, Defendant did not have a legal right to collect a debt not legally owed at the time Defendant requested payment or filed lawsuit.

42. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

43. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

44. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff CLIFFORD OATTS SR. requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Enjoin Defendant from further attempts to collect the alleged debt from Plaintiff;

d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

45. Plaintiff repeats and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in a series of unfair, abusive and deceptive practices in connection with its collection activities directed towards Plaintiff.

47. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction.  Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction.  An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."  I.C. 24-5-0.5-3(a).

48. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

49. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

50. Defendant's collection efforts directed towards Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

51. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. As demonstrated at length in the portion of the Complaint addressing Defendant's conduct under the FDCPA, Defendant engaged in a series of unfair, abusive, and deceptive behavior in a concerted effort to instill a sense of undue fear in Plaintiff in an attempt to get Plaintiff to make payments towards a debt not owed.

52. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

53. Defendant's conduct was an incurable deceptive act for purposes of the IDCSA. Defendant made a series of deceptive misrepresentations as to its intent and ability to sue Plaintiff in means to collect a debt. Defendant's lawsuit was part of an artifice or scheme with the design to mislead Plaintiff, as such conduct was clearly designed to instill an undue sense of fear in Plaintiff with the hope such fear would compel Plaintiff to make payment towards a debt not owed. Plaintiff's reliance on this conduct is evident by the fact that, fearful of the consequences of the filed lawsuit, he filed countersuit against Defendant in a direct attempt to try and go about preventing Defendant from pursuing legal action against Plaintiff for a debt not legally owed.

54. Upon information, Defendant conducts the above described behavior on a wide and frequent basis. This behavior is extremely unfair and abusive, and goes against the state's goal of preventing debt collectors from engaging in unfair and deceptive conduct.

55. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, CLIFFORD OATTS SR., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: October 11, 2022 

Respectfully Submitted,

/s/ Marwan R. Daher
Marwan Rocco Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com